# Morgan Lewis

**Christopher Louis Carter**
Partner
+1.617.951.8063
christopher.carter@morganlewis.com

May 12, 2023

**VIA ECF**

Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:   *OI European Group B.V. v. Bolivarian Republic of Venezuela* (Case Nos. 23-1647, 23-1781)
      *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela* (Case No. 23-1648)
      *ACL1 Investments Ltd., et al. v. Bolivarian Republic of Venezuela* (Case No. 23-1649)
      *Rusoro Mining Limited v. Bolivarian Republic of Venezuela* (Case No. 23-1650)
      *Koch Minerals Sàrl, et al. v. Bolivarian Republic of Venezuela* (Case No. 23-1651)
      <u>*Gold Reserve Inc. v. Bolivarian Republic of Venezuela* (Case No. 23-1652)</u>

Dear Office of the Clerk:

Pursuant to this Court's Order dated May 10, 2023, I write on behalf of the Appellees in the above-captioned appeals to address the pertinent deadlines and details of the Sale Procedures Order and the significance of the dates and deadlines in connection therewith.

**Sale Procedures Order**. On October 7, 2022, the District Court entered the Sale Procedures Order "directing the Special Master to, among other things, devise a plan . . . for the sale of shares of PDVH (the 'PDVH Shares') as necessary to satisfy the outstanding judgment of Crystallex and the judgment of any other judgment creditor added to the sale by the Court and/or devise such other transactions as would satisfy such outstanding judgment(s) while maximizing the sale price of assets to be sold . . . ." *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, (D.Del.) Case No. 17-mc-151 *("Crystallex")*, D.I. 481 (the "Sale Procedures Order") at 2.[1]

---

[1] In 2018, the District Court held that Petróleos de Venezuela S.A. ("PDVSA") was an alter ego of Crystallex's judgment debtor, the Bolivarian Republic of Venezuela, and that PDVSA's shares of PDV Holding, Inc. (i.e., the PDVH Shares) were therefore subject to attachment by Crystallex. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 2d 380, 386 (D. Del. 2018), *aff'd*, 932 F.3d 126 (3d Cir. 2019). On August 23, 2018, the District Court also directed the issuance and service of Crystallex's writ of attachment on the PDVH Shares. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2018 WL 4026738, at *1 (D. Del. Aug. 23, 2018).

**Morgan, Lewis & Bockius LLP**

One Federal Street
Boston, MA 02110-1726           T +1.617.341.7700
United States                   F +1.617.341.7701

Office of the Clerk
May 12, 2023
Page 2

The Sale Procedures Order required that the Special Master file a "Supplemental Report" with "a recommendation . . . to the [District] Court as to whether (and when) the Court should direct the Special Master to begin to make preparations for the launch of the Marketing Process (the date on which preparation for the Marketing Process is launched, the 'Preparation Launch Date') and the ultimate launch of the Marketing Process (the date on which the Marketing Process is launched, the 'Launch Date')." *Id*. at 11. The Sale Process Parties (i.e., the parties in the *Crystallex* proceeding and certain of the Unstayed Parties, as defined below) are currently required to file any objections to the Supplemental Report by May 23, 2023, with any responses due no later than June 5, 2023. *See Crystallex*, D.I. 559 at 2. After June 5, 2023, "[t]he [District] Court shall consider the Supplemental Report, all Launch Date Objections thereto, and any responses, after which the [District] Court shall make a determination regarding when to trigger the Preparation Launch Date and subsequent Launch Date with or without a license from OFAC." Sale Procedures Order at 12.

Following the Preparation Launch Date, the "Special Master [is] directed to prepare for the Marketing Process and take all such preliminary actions in connection therewith, including conducting or performing appropriate due diligence and related analysis," and "prepar[ing] a customary 'teaser' and a 'confidential information memorandum' ('CIM') to be shared with Potential Bidders . . . ." *Id*. at 12-13. "Following the Launch Date, a hearing to consider approval of any Sale Transaction resulting from implementation of the Sale Procedures shall be scheduled for approximately 270 calendar days after the Launch Date . . . ." *Id*. at 10.[2] The auction for the PDVH Shares is proposed to take place 230 calendar days after the Launch Date. *See Crystallex*, D.I. 480-1 at 2.

Additionally, "[b]y no later than ten calendar days after the Launch Date (the 'Additional Judgment Deadline'), the Court will decide in accordance with applicable law which, if any, additional judgments (the 'Additional Judgments,' and with the Crystallex Judgment, the 'Attached Judgments') are to be considered by the Special Master for purposes of the Sale Transaction." *Id*. at 25.

**Supplemental Report**. On April 28, 2023, the Special Master filed the Supplemental Report. *See Crystallex*, D.I. 553. In the Supplemental Report, the Special Master advised the District Court that (1) "[i]n light of updated guidance from the U.S. Government, . . . I recommend preparations for the launch of the Marketing Process begin without any further delay beyond consideration by the Court of this Supplemental Report and any Launch Date Objections," and (2) "I recommend the Launch Date occur on the earlier of (i) September 5, 2023, and (ii) the date on which the Special Master, in his sole discretion, believes he and his Advisors are sufficiently prepared to launch the Marketing Process." *Id*. at 3-4. The Special Master thus proposed the following illustrative pertinent dates: (1) "As soon as practicable after June 5, 2023," as the Preparation Launch Date, (2) September 5, 2023 (or earlier, in the Special Master's sole discretion) as the Launch Date, and (3) June 1, 2024 as the date for the hearing on the sale of the PDVH Shares. *Id*. at 4. The Supplemental Report also clarifies that current OFAC sanctions do not prevent prefatory steps in connection with the sale, but a separate license will be necessary to execute a sale. *See id*. Ex. A at 1-2.

**OFAC Sanctions**. The PDVH Shares "are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in." *OI European Group B.V. v. Bolivarian Republic of Venezuela*,

---

[2] Following the Launch Date, the Sale Procedures Order also provides that the Special Master is authorized to carry out the Bidding Procedures, which include, among other things, (a) designation of a Stalking Horse Bid, (b) determination of which bidders are Qualified Bidders, (c) determination of which bids are Qualified Bids, (d) determination of which Qualified bid is the highest and best bid.

2022 WL 611563, at *5 (D. Del. Mar. 2, 2022). However, "the OFAC sanctions regime does not require a specific license before the [District] Court may enter an order authorizing the eventual issuance of a writ of attachment." *Id*. at *7. Thus, the District Court ultimately approved writs of attachment for the Appellees and certain other creditors,[3] with issuance and service of the writs conditioned upon receipt by the District Court of "evidence that the Office of Foreign Assets Control has authorized the issuance and service of such writ or removed the prohibition and sanctions currently in place that prevent the issuance and service of such a writ, or until some further order with different instructions from this [District] Court." *See, e.g., OI European Group B.V. v. Bolivarian Republic of Venezuela*, Case No. 19-mc-290 (D. Del.), D.I. 132 at 2-3.

**Recent Developments**. On May 4, 2023, the District Court entered an order docketing OFAC License No. VENEZUELA-EO13884-2023-1057131-1 (the "OFAC License"). *Crystallex*, D.I. 555. The OFAC License – originally issued on May 1, 2023, but not made available to the Appellees or the public until it was docketed by the District Court – authorizes the District Court Clerk and any Additional Judgment Creditors (i.e., any creditors holding Additional Judgments as determined by the District Court) to "engage in transactions and activities ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias* for any party that has been designated an 'Additional Judgment Creditor'" under the Sale Procedures Order. *Id*. at 8. As of the date of this filing, no "Additional Judgment Creditors" have been designated by the District Court, but there is currently no stay, order or regulation preventing the District Court from authorizing the issuance and service of writs of attachment in favor of the Unstayed Parties (or from potentially determining the priority of such writs).

On May 8, 2023, Crystallex proposed to the District Court that in the event this Court maintained a stay past June 9, 2023 (the original briefing deadline in these appeals), the District Court "should not consider those creditors' [i.e., the Appellees'] judgments for inclusion as 'Additional Judgments.'" *Crystallex*, D.I. 558 at 4. On May 10, 2023, the District Court entered an order requiring that briefing on designation of "Additional Judgments" be completed by June 14, 2023 with oral argument on June 26, 2023. *See Crystallex*, D.I. 559 at 2-3. If the District Court is unable to designate Appellees' judgments as "Additional Judgments" in *Crystallex* due to the current stay entered in these appeals, Appellees risk being blocked from benefitting from the eventual sale of the PDVH Shares.

Sincerely,

*/s/ Christopher L. Carter*
Christopher Louis Carter

*Counsel to Appellee OI European Group B.V.*

---

[3] Plaintiffs in related district court proceedings that are currently not subject to appeal or a stay, and therefore not currently prevented from becoming "Additional Judgment Creditors," include Phillips Petroleum Company Venezuela Limited, ConocoPhillips Petrozuata B.V., ConocoPhillips Gulf of Paria B.V., Red Tree Investments, LLC and Siemens Energy, Inc. (collectively, the "Unstayed Parties").